UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **EDWIN CARL DEBROW, JR., II,** | |
| Plaintiff, | |
| v. | CIVIL NO.  SA-08-CA-452-FB |
| **BRIAN CHASNOFF, SAN ANTONIO EXPRESS NEWS,** | |
| Defendants. | |

### ORDER TO SHOW CAUSE

Came on this day to be considered plaintiffs' request for leave to proceed <u>in forma pauperis</u> ("IFP"), together with a proposed complaint, each filed or tendered on June 4, 2008.

**Summary of Procedural History and Allegations**

Plaintiff is a state prisoner incarcerated in the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  The motion for leave to proceed IFP represents plaintiff has "zero" assets.  The proposed complaint, captioned as one based on copyright infringement, consists of three pages, plus numerous attached papers, asserts that plaintiff registered for copyright protection his manuscript, titled, "A 12-Year Old Killer – The Story of My Life," in 2005, and in 2007, plaintiff gave permission for the Dallas Observer to publish excerpts from the manuscript for compensation, but on Sunday, October 21, 2007, the San Antonio Express News, in an article written by Brian Chesnoff, "copied largely verbatim" portions from plaintiff's manuscript.  As relief, plaintiff asks that defendants be permanently enjoined from selling any more copies of the October 21, 2007 newspaper containing the alleged

infringements, pay plaintiff damages not limited to all profits defendants realized from the infringements, plus costs and such further relief as appropriate.

Attachments to the proposed complaint include a copy of the October 21, 2007 article in question, various typewritten sheets that apparently are drafts of the manuscript in question (not necessarily any version copyrighted), various hand-written or hand-printed sheets (not all appear to be written by the same person) that contain information about plaintiff's life, and a copy of Mr. Chasnoff's testimony in the 386th Judicial District Court about his interviews of plaintiff before the October 21, 2007 article appeared and his receiving, that same day, Sunday, October 21, 2007, a letter apparently from plaintiff in which plaintiff apparently informs him his manuscript has copyright protection.

**Standard**

Assuming plaintiff meets the financial prerequisites to proceed in forma pauperis, plaintiff must also establish that he has raised a non-frivolous issue.  The applicable standard is found in 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal –
>
>    (i)    is frivolous or malicious;
>    (ii)   fails to state a claim on which relief may be granted; or
>    (iii)  seeks monetary relief against a defendant who is immune from such relief.

Title 28, United States Code, § 1915(e) accords courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to pierce the veil of a

plaintiff's allegations and dismiss those claims whose factual contentions are clearly baseless.[1] In an action filed in forma pauperis, a court may raise sua sponte the issue of whether an action is malicious or frivolous under § 1915(e).[2] Dismissal of a claim as frivolous under § 1915(e) is permissible when the claim lacks an arguable basis either in law or in fact.[3] A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.[4] A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[5] Typical examples of claims which can be dismissed pursuant to § 1915(e), or its predecessor, § 1915(d), include: (1) claims against which

---

[1] See Denton v. Hernandez, 504 U.S. 25, 31-32, 112 S.Ct. 1728, 1733 (1992); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989). The Prison Litigation Reform Act of 1996, effective April 26, 1996, moved the relevant statutory provision addressing dismissal for frivolousness from former subsection (d) of § 1915 to new subsection (e)(2)(B) and expanded the scope of that statute to expressly authorize dismissals of lawsuits as frivolous regardless of whether a filing fee or any portion thereof had been paid. See Jackson v. Stinnett, 102 F.3d 132, 136-37 (5th Cir. 1996). If the Court has the authority to dismiss a non-prisoner case as frivolous once it has been filed, then the Court has the inherent authority in a non-prisoner case to deny leave to proceed in forma pauperis to preclude the filing of a frivolous complaint or claim.

[2] See Neitzke v. Williams, 490 U.S. at 327, 109 S.Ct. at 1833; see also Green v. McKaskle, 788 F.2d 116, 119-20 (5th Cir. 1986) ("A district court may dismiss an IFP proceeding brought by a prisoner for frivolity or maliciousness at any time before or after service of process and before or after the defendant's answer.").

[3] See Neitzke v. Williams, 490 U.S. at 325, 109 S.Ct. at 1831; Ruiz v. United States, 160, F.3d 273, 274 (5th Cir. 1998); Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998); Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

[4] See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

[5] See Denton v. Hernandez, 504 U.S. at 32-33, 112 S.Ct. at 1733-34.

it is clear that the defendants are immune from suit,[6] (2) claims of infringement of a legal interest that clearly does not exist,[7] and (3) claims which are barred by limitations.[8]

In reviewing a complaint under § 1915(e), a court is not bound to accept without question the truth of the plaintiff's allegations.[9] A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.[10] A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(e) whenever it appears that the claim has no arguable basis in law or fact.[11] In an action proceeding under § 1915(e), a federal court may consider, sua sponte, affirmative defenses that are apparent from the record even when they have not been

---

[6] See Neitzke v. Williams, 490 U.S. at 327, 109 S.Ct. at 1833. See also Krueger v. Reimer, 66 F.3d 75, 76-77 (5th Cir. 1995), and Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994) (both upholding the dismissal as frivolous of civil rights lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial immunity).

[7] See Neitzke v. Williams, 490 U.S. at 327, 109 S.Ct. at 1833.

[8] See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993); and Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235 (1991).

[9] Denton v. Hernandez, 504 U.S. at 32, 112 S.Ct. at 1733; and Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1993).

[10] Denton v. Hernandez, 504 U.S. at 32-33, 112 S.Ct at 1733; and Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993).

[11] Henson-El v. Rogers, 923 F.2d at 53. See also McCormick v. Stalder, 105 F.3d at 1059, 1061 (5th Cir. 1997) (dismissing as frivolous a prisoner's complaint that he was forced to undergo medical treatment for Tuberculosis while incarcerated); Thompson v. Patteson, 985 F.2d 202, 205; Gartrell v. Gaylor, 981 F.2d at 259; and Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir. 1993).

addressed or raised in the pleadings on file.[12]  Although pro se pleadings must be construed liberally,[13] significantly, the court is authorized to test the complaint for frivolousness or maliciousness even before service of process or before the filing of an answer.[14]

A case is not frivolous simply because it fails to state a claim.[15]  However, if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e).[16]  "A complaint is legally frivolous if it is premised on an 'undisputably meritless legal theory.'"[17] An in forma pauperis complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e).[18]  Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, such as a peremptory time bar, dismissal with

---

[12] See Schultea v. Wood, 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action pursuant to § 1915(d) based on the doctrine of qualified immunity); Gartrell v. Gaylor, 981 F.2d at 259; Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); and Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).

[13] Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972).

[14] Id.  See also Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

[15] Neitzke v. Williams, 490 U.S. at 331, 109 S.Ct. at 1834; Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1997); Gartrell v. Gaylor, 981 F.2d at 259; and Ancar v. Sara Plasma, Inc., 964 F.2d at 468.

[16] See Gartrell v. Gaylor, 981 F.2d at 259; Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); and Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990).

[17] Boyd v. Biggers, 31 F.3d at 281-82, quoting Neitzke v. Williams, 490 U.S. at 327, 109 S.Ct. at 1833.

[18] See Ancar v. Sara Plasma, Inc., 964 F.2d at 468 (suggesting that complaints that are clearly baseless include those which describe fanciful, fantastic, or delusional scenarios); and Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990). See also Gartrell v. Gaylor, 981 F.2d at 259.

prejudice is appropriate.[19]  A decision to dismiss a complaint based on frivolity is reviewed for abuse of discretion.[20]

**Analysis**

Based upon a careful review of plaintiff's proposed complaint, **plaintiff is hereby notified that it does not appear he has alleged a non-frivolous cause of action**.  Other than conclusory allegations that each defendant violated the federal copyright law, plaintiff provides no specific information to show reason to believe each named defendant violated the federal copyright law by publishing excerpts from plaintiff's allegedly copyrighted manuscript.  Even if the Court accepts that plaintiff did register and does have copyright protection over his book, "12 Year-Old Killer – The Story of My Life" and that the there are sentences or phrases in the October 21, 2007 article that are the same as a handwritten or typed version of the manuscript, plaintiff candidly admits several versions of the manuscript exist, apparently as he wrote and edited it.   Plaintiff also submits Mr. Chasnoff apparently received a copy of some version of the book from a person in California before the October 21, 2007 article was published.  Plaintiff also submits that he was interviewed by Mr. Chasnoff on at least two occasions and does not state that he and Mr. Chasnoff did not discuss the matters addressed in the published article.  For example, the article reports plaintiff's "dream" to become a published writer, and that he had "scrawled hundreds of pages about his wrong turns."  Plaintiff submits no evidence or argument

---

[19]  See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993).

[20]  Denton, 504 U.S. at 33-34, 112 S.Ct. at 1728; Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).  See Harper v. Showers, 174 F.3d 716, 718 n.3 (5th Cir. 1999) (dismissals for frivolity pursuant to  § 1915 (e)(2)(B)(I) are reviewed for abuse of discretion and dismissals for failure to state a claim upon which relief may be granted pursuant to § 1915 (e)(2)(B)(ii) are reviewed de novo).

and does not allege Mr. Chasnoff would have known or that plaintiff had told him that any version or portion of his manuscript was copyrighted before the October 21, 2007 article appeared.

Based on the information provided it is not possible to conclude there is a good faith basis to believe each proposed defendant violated the federal copyright laws.  It is not clear that defendants cited from any portion of the manuscript that was, apparently, registered with the copyright officer, rather than another version or draft.  As noted, the typewritten and handwritten pages of the manuscript submitted apparently are from drafts of the manuscript and some of the handwriting appears to be from different people.  Although defendant avers that defendants are still selling or using the October 21, 2007 article, nothing is submitted to substantiate that either defendant would be receiving any financial benefit from the article about plaintiff after all the editions of the Sunday, October 21, 2007 were sold on or about that date or week.  Finally, some limited use of copyrighted materials can be permissible under the so-called "fair use" doctrine.  From the information submitted by plaintiff, the Court cannot conclude whether it would be appropriate to consider the fair use exception in this case.

**Conclusion**

Upon consideration thereof,

**IT IS ORDERED** that plaintiffs' motion for leave to proceed <u>in forma pauperis</u> (docket no. 1) is hereby **held in abeyance**.

**IT IS ALSO ORDERED** that on or before **June 19, 2008**, plaintiff must **show cause** as to why the motion for leave to proceed <u>in forma pauperis</u> should not be denied for the reason that plaintiff has not alleged a non-frivolous claim.  Further, <u>plaintiff is hereby notified that the failure</u>

<u>to file a timely and complete response by the noted deadline may result in the District Judge entering an Order dismissing this case without prejudice for failure to comply with a Court Order and failure to timely prosecute his case</u>.

**ORDERED, SIGNED** and **ENTERED** this 5th day of June, 2008.

*[signature: Pamela A. Mathy]*

PAMELA A. MATHY
UNITED STATES MAGISTRATE JUDGE